UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AYANBUEZEE IGHODARO, | * |
| Plaintiff, | * |
| v. | *   Civil No. 1:20-cv-11302-IT |
| AUTOZONE PARTS, INC., | * |
| Defendant. | * |

MEMORANDUM AND ORDER

March 19, 2021

TALWANI, D.J.

    Plaintiff Ayanbuezee Ighodaro brought this action for defamation against AutoZone, Inc. ("AutoZone"), alleging that AutoZone's employee falsely accused him of shoplifting. Compl. ¶ 27 [#1]. Pending before the court is the Motion to Dismiss of Defendant AutoZone Parts, Inc., Incorrectly Sued as AutoZone Inc., Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim [#5]. For the following reasons, the motion is DENIED.[1]

**I.     Factual Background**

    As alleged in the Complaint [#1], the facts are as follows. Ighodaro is the owner of an auto body shop located in Dorchester, Massachusetts. Compl. ¶ 2 [#1]. On July 4, 2018, Ighodaro and one of his clients went to an AutoZone store in Dorchester to buy some items. Id. at ¶ 8. Ighodaro paid for the items, left the store with his client, and returned to his shop. Id. at ¶¶ 9-10.

---

[1] The clerk shall amend the docket to reflect AutoZone's correction of its name.

After Ighodaro left the AutoZone store, an AutoZone employee called the Boston police and falsely accused him of shoplifting. Compl. ¶¶ 16, 19 [#1]. The employee reported that two customers had been in the store, had stolen items, and had created a disturbance. 911 Call Transcript 2-4 [#8]. The employee stated that he recognized one of the customers as being someone who did commercial business with AutoZone and provided the police with the address of Ighodaro's auto body shop. Id. at 4-6. The employee also told the police that another AutoZone employee had had a problem with the same man saying vulgar things to her and putting his hands on her in another store. Id. at 2.

When Ighodaro arrived at his shop, a police officer was waiting there and informed Ighodaro that he had been accused of shoplifting several items from the AutoZone store. Compl. ¶¶ 11, 13 [#1]. The police officer ordered Ighodaro to provide his shopping bag and receipt, determined that all the items in the bag had been paid for, and left. Id. at ¶¶ 14, 16.

## II.     Standard of Review

In evaluating a motion to dismiss, this court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal citations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). In ruling on a motion to dismiss, "a judge can mull over 'documents

incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Lydon v. Local 103, Int'l Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) (quoting Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)) (alteration in original).

"While most Rule 12(b)(6) motions are premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense." Nisselson, 469 F.3d at 150. A court may allow a Rule 12(b)(6) motion based on an affirmative defense if "(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those facts suffice to establish the affirmative defense with certitude." Id. (quoting Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 12 (1st Cir. 2004)).

### III. Discussion

Ighodaro brings this suit for defamation. To state a claim for defamation under Massachusetts law, a plaintiff must establish that "(1) the defendant published a false statement regarding the plaintiff—that is, the defendant communicated the statement concerning the plaintiff to a third party; (2) the statement could damage the plaintiff's reputation in the community; and (3) the statement caused economic loss or is otherwise actionable without proof of economic loss." Flagg v. AliMed, Inc., 466 Mass. 23, 37, 992 N.E.2d 354 (2013); see also Brauer v. Globe Newspaper Co., 351 Mass. 53, 55–56, 217 N.E.2d 736 (1966) (quoting Muchnick v. Post Pub. Co., 332 Mass. 304, 306, 125 N.E.2d 137 (1955) ("A publication is defamatory when it tends to injure one's reputation in the community and to expose him to hatred, ridicule, and contempt").

Ighodaro asserts in his Complaint [#1] that an AutoZone employee made a series of false statements about him, including that he shoplifted, to police and to AutoZone employees at other stores in the Dorchester area. Compl. ¶¶ 19, 21 [#1]. He further asserts that a police officer was dispatched to his place of business, searched his purchases, and determined that all the items had been paid for. Id. at ¶¶ 12-14. Finally, he claims that, as a result of the AutoZone employee's statements, his reputation was damaged, and he suffered economic consequences. Id. at ¶¶ 22, 26, 42-43. Given these allegations, the Complaint [#1] appears to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 559. However, AutoZone argues that even if Ighodaro has met the pleading requirement, his defamation claim should be dismissed based on Ighodaro's alleged failure to plead past AutoZone's affirmative defense of a conditional privilege. Def.'s Mem. 5 [#6].

Massachusetts recognizes both absolute and conditional privileges to defamation claims. See, e.g., Mulgrew v. City of Taunton, 410 Mass. 631, 634-35, 574 N.E.2d 389 (1991). One conditional privilege protects a defendant who makes a statement to the police, unless the statement is made with actual malice or recklessness. See Hutchinson v. New England Tel. & Tel. Co., 350 Mass. 188, 191, 214 N.E.2d 57 (1966); see also Correllas v. Viveiros, 410 Mass. 314, 322, 572 N.E.2d 7 (1991) (collecting cases). Defamatory communication is also conditionally privileged provided that the publisher and the recipient share some legitimate mutual interest, and the communication is "reasonably calculated" to further that interest. Sheehan v. Tobin, 326 Mass. 185, 191, 93 N.E.2d 524 (1950); see also Bratt v. International Business Machines Corp., 392 Mass. 508, 517, 467 N.E.2d 126 (1984). AutoZone argues that the employee's statement "neatly falls within the circumstances where conditional privilege applies" and that Ighodaro's claim therefore fails. Def.'s Mem. 5-16 [#6].

But based on the Complaint [#1] and the 911 recording, there is no "inevitability" or "certitude" that AutoZone's affirmative defense will succeed here. When a defendant raises an affirmative defense of conditional privilege to defamation, the burden is on the defendant to show the facts that create the privilege. See Humphrey v. National Semiconductor Corp., 18 Mass. App. Ct. 132, 134, 463 N.E.2d 1197 (1984) (citing Bander v. Metropolitan Life Ins. Co., 313 Mass. 337, 343, 47 N.E.2d 595 (1943)). Once the defendant has established the existence of a privilege, the burden shifts back to the plaintiff to prove that the privilege has been abused. Id. (citing Petition of Retailers Commercial Agency, Inc., 342 Mass. 515, 520, 174 N.E.2d 376 (1961)). Abuse of the privilege occurs if the statement was (1) made with actual malice or recklessness, see Hutchinson, 350 Mass. at 191, or (2) excessively published, see Galvin v. New York, N. H. & H. R. Co., 341 Mass. 293, 297, 168 N.E.2d 262 (1960).

Here, AutoZone has not demonstrated that the privilege issue can be resolved at the pleading stage. AutoZone urges the court to consider the recording of the 911 call in evaluating the sufficiency of Ighodaro's Complaint [#1]. The court may do so, but only to show that these were the statements made by the employee to the police. On a motion to dismiss, the court cannot accept the employee's statements for their truth concerning the reported events but must instead accept Ighodaro's version. Accepting the facts as alleged in the Complaint [#1], the statements made on the 911 call were flatly false, leaving the court with no certainty that AutoZone's affirmative defense will prevail.[2]

---

[2] Notably, none of the cases cited by AutoZone support its argument that Ighodaro's claim must be dismissed at the pleading stage; instead, each of these cases was decided on summary judgment or at trial. See Catrone v. Thoroughbred Racing Associations of N. Am., Inc., 929 F.2d 881, 883 (1st Cir. 1991); Seelig v. Harvard Co-op. Soc., 355 Mass. 532, 532, 246 N.E.2d 642 (1969); Petition of Retailers Commercial Agency, Inc., 342 Mass. at 520; Galvin, 341 Mass. at

**IV.     Conclusion**

Accordingly, AutoZone's Motion to Dismiss [#5] is DENIED.

IT IS SO ORDERED.

March 19, 2021                                              /s/ Indira Talwani
                                                                                                     United States District Judge

---

294; Pihl v. Morris, 319 Mass. 577, 577, 66 N.E.2d 804 (1946); Pion v. Caron, 237 Mass. 107, 110, 129 N.E. 369 (1921).